FRANCIS A. VAN SUETENDAEL, as Administrator De Bonis Non of the Estate of ARTHUR J. VAN SUETENDAEL, Deceased, Respondent, *v.* ACHILLE O. VAN SUETENDAEL et al., Individually and as Liquidating Directors and Trustees of PHILLIPSBURGH CONSTRUCTION COMPANY, Appellants.

Argued April 3, 1944; decided July 19, 1944.

*William A. Walsh, Jr.,* and *William A. Walsh* for appellants. Plaintiff's cause of action is barred by the Statute of Limitations. (*Rundle* v. *Allison et al.,* 34 N. Y. 180; *Mills* v. *Mills,* 115 N. Y. 80; *Keys* v. *Leopold,* 241 N. Y. 189; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Gobel, Inc.* v. *Hammerslough,* 263 App. Div. 1, 288 N. Y. 653; *Pierce* v. *Pierce,* 253 App. Div. 445, 280 N. Y. 562; *Lynch* v. *Jones,* 179 App. Div. 613; *Dressel* v. *Hanser,* 101 Misc. 574; *McGlinchey* v. *McGlinchey,* 179 Misc. 160; *Simis* v. *Simis,* 146 App. Div. 655.)

*Morris F. Goldstein, Abraham P. Inselstein* and *Maurice S. Degenstein* for respondent. The defense of Statute of Limitations was properly overruled. (*Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290; *Hart* v. *Goadby,* 72 Misc. 232; *Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139; *Goldstein* v. *Schachne,* 261 App. Div. 922; *Lightfoot* v. *Davis,* 198 N. Y. 261; *Matter of Courtade,* 173 Misc. 726; *Seely* v. *Seely,* 164 App. Div. 650; *Hanson* v. *National Surety Co.,* 257 N. Y. 216; *Dumbadze* v. *Lignante,* 244 N. Y. 1; *Matter of Newgold,* 260 App. Div. 918, 285 N. Y. 860; *Wechsler* v. *Bowman,* 285 N. Y. 284; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.,* 270 N. Y. 86; *Schenck* v. *State Line Telephone Co.,* 238 N. Y. 308; *Clarke* v. *Gilmore,* 149 App. Div. 445.)

*Per Curiam.* The cause of action against defendant Achille O. Van Suetendael individually accrued no later than February, 1929, when that defendant rendered an accounting but omitted any reference to the decedent's interest in the real estate and bank accounts. At that time the decedent's adult son already knew that the estate had an interest in these assets. The action not having been commenced until November, 1940, this cause of action was barred by the ten-year Statute of Limitations (Civ. Prac. Act, §§ 15, 53).

The cause of action against both defendants as directors of Phillipsburgh Construction Company accrued no earlier than December 15, 1937, when that corporation was dissolved. It was therefore not barred by any Statute of Limitations. The evidence amply supported the findings of the courts below on this phase of the case.

The judgment of Special Term, as modified by the Appellate Division, should be further modified by striking out the second, third and fourth decretal paragraphs thereof, and, as so modified, affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.